NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 25, 2007[*]
Decided July 26, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 07-1675

| | |
|---|---|
| ANGEL D. MITCHELL, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 04-C-353 |
| GE HEALTHCARE, *Defendant-Appellee.* | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Angel Mitchell filed suit against her employer, GE Healthcare ("GE"), alleging that it violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, by failing to accommodate her alleged disability of migraine headaches and sinus pain. Specifically, Mitchell claimed that her supervisors at GE refused to enforce a company policy prohibiting employees from playing personal radios loudly, and that the radios' excessive volume aggravated her headaches. Mitchell also alleged that GE retaliated against her for requesting that the policy be enforced. In February 2007, the district court granted summary judgment for GE

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

because Mitchell failed to establish that she qualified for ADA protection, that GE otherwise failed to accommodate her headaches and sinus pain, or that GE retaliated against her.

Mitchell appeals, but she does not identify any specific error made by the district court, develop an argument supported by citations to legal authority or the record, or otherwise comply with Federal Rule of Appellate Procedure 28. *See* Fed. R. App. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Instead, her brief is unorganized, disconnected, and devoted generally to topics unrelated to her lawsuit. Mitchell comes closest to formulating an argument when she describes the court's decision as "wrong base[d] on GE's (appellee) own [a]dmission that the radios[ ] were a privilege and not a [r]ight," but this lone assertion does not address how the district court's grant of summary judgment was in error. Although we will construe a *pro se* litigant's brief liberally, we will not attempt to craft arguments and perform legal research on the litigant's behalf when the litigant fails to do so. *See Anderson*, 241 F.3d at 545. Mitchell points to no error, we see no obvious errors, and thus her appeal is

DISMISSED.